KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Matthew M. Loker, Esq. (SBN: 279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Azucena Amador

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **AZUCENA AMADOR, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiff,<br><br>v.<br><br>**ARSTRAT, LLC,**<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT FOR DAMAGES**

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. AZUCENA AMADOR ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of ARSTRAT, LLC ("Defendant") with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, in violation of State debt collection laws.

4. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendant in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1692k, a federal statute.

9. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

10. Because Defendants conduct business within the State of California, personal jurisdiction is established.

11. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Santa Barbara, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

## PARTIES

13. Plaintiff is a natural person who resides in the City of Santa Maria, County of Santa Barbara, State of California.

14. Defendant is, and at all times mentioned herein was, a corporation whose State of Incorporation and principal place of business is in the State of Texas.

15. Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c); and, 15 U.S.C. § 1692a(6).

16. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h); and, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

17. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f); and, a "debt" as that term is defined by 15 U.S.C. 1692a(5).

### FACTUAL ALLEGATIONS

18. At all times relevant, Plaintiff is an individual residing within the State of California.

19. At all times relevant, Defendant conducted business in the State of California.

20. Sometime prior to June 2016, Plaintiff allegedly incurred financial obligations to the original creditor, Arroyo Grande Community Hospital, for medical expenses.

///

///

21. These alleged financial obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt[s]" as that term is defined by California Civil Code §1788.2(d); and, 15 U.S.C. 1692a(5), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

22. Sometime thereafter, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff disputes the validity of Plaintiff's alleged debt.

23. Subsequently, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

24. As a result, on or about June 4, 2016, Defendant sent Plaintiff a written communication with regard to Plaintiff's alleged debt.

25. Said written communication stated:
> Please be advised that if you do not dispute the account(s) or debt(s) or request us to validate the account(s) or debt(s) [by July 4, 2016], we may report the account(s) or debt(s) to 1 or more consumer credit reporting agencies at the conclusion of the time frame referenced above.

26. Plaintiff neither disputed the debt nor requested validation of the account at any point between June 4, 2016 and July 4, 2016.

27. Thereafter, Plaintiff received another written communication from Defendant attempting to collect Plaintiff's debt dated September 4, 2016.

28. Therein, Defendant acknowledged that Plaintiff's account remained delinquent.

29. To date, Defendant has not reported Plaintiff's alleged debt to any of the Credit Bureaus – Experian Information Solutions, Inc. ("Experian"); Equifax Information Services LLC ("Equifax"); or, Trans Union LLC ("Trans Union") – despite Defendant's threat to do so if Plaintiff did not dispute Plaintiff's debt by July 4, 2016.

30. Since Plaintiff's alleged deadline to dispute or request validation has passed by more than five months, Defendant made this statement without the intent to actually report.

31. As Defendant is aware, reporting a debt to a credit bureau is a powerful tool designed, in part, to wrench compliance with payment terms.

32. Through this conduct, Defendant also violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations in connection with the collection of Plaintiff's debt.

33. Through this conduct, Defendant also violated 15 U.S.C. § 1692e(5) by threatening to take action that Defendant did not intend to take in connection with the collection of Plaintiff's debt.

34. Through this conduct, Defendant also violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means in connection with the collection of Plaintiff's debt.

35. Through this conduct, Defendant also violated 15 U.S.C. § 1692f by using unfair and unconscionable means in connection with the collection of Plaintiff's debt.

## CLASS ALLEGATIONS

36. Plaintiff brings this action on behalf of herself individually, and on behalf of all others similarly situated ("the Class").

37. Plaintiff represents, and is a member of the Class, defined as follows:
    > (i) all persons with addresses within the United States; (ii) who were sent one or more collection letter(s) by Defendant; (iii) to recover a consumer debt; (iv) that stated Defendant would report the consumer debt to the Plaintiff's credit report; (v) but did not report the consumer debt to the credit bureaus; (vi) which was not returned undeliverable by the United States Postal Service; (vii) at any time one year prior to the date of the filing of this Action.

38. Defendant and its employees or agents are excluded from the Class.
39. Plaintiff does not know the exact number of persons in the Class, but believe them to be in the several hundreds, if not thousands, making joinder of all these actions impracticable.
40. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The identity of the individual members is ascertainable through Defendant's and/or Defendant's agents' records or by public notice.
41. There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Class. The questions of law and fact common to the Class predominate over questions affecting only individual class members, and include, but are not limited to, the following:
    a) Whether Defendant's letter violated the FDCPA;
    b) Whether members of the Class are entitled to the remedies under the FDCPA;
    c) Whether Defendant reports to Experian;
    d) Whether Defendant reports to Equifax;
    e) Whether Defendant reports to Trans Union;
    f) Whether members of the Class are entitled to declaratory relief;
    g) Whether members of the Class are entitled to injunctive relief;
    h) Whether members of the Class are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDCPA; and,
    i) Whether Defendant can satisfy the bona fide error affirmative defense.
42. As a person that received at least one written communication from Defendant in violation of Federal fair debt collection laws, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately protect the interests of the Class.

43. Plaintiff has retained counsel experienced in consumer class action litigation and in handling claims involving unlawful debt collection practices.

44. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts involving unlawful collection practices.

45. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with California law. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action under the FDCPA are $1,000. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, e.g., securities fraud.

46. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final declaratory relief with respect to the Class as a whole.

47. Plaintiff contemplates providing notice to the putative class members by direct mail in the form of a postcard and via Internet website.

48. Plaintiff requests certification of a hybrid class for monetary damages and injunctive relief.

## COUNT I
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692, ET SEQ. (FDCPA)
### [AGAINST ALL DEFENDANTS]

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

51. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant individually.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant on behalf of each putative class member as follows:

- That this action be certified as a class action on behalf of the Class as requested herein;
- That Plaintiff be appointed as representative of the Class;
- That Plaintiff's counsel be appointed as counsel for the Class;
- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against Defendant;
- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant;
- Any and all other relief that this Court deems just and proper.

### TRIAL BY JURY

52. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: December 12, 2016                                Respectfully submitted,

                                                        **KAZEROUNI LAW GROUP, APC**

                                                        By: ___/s/ Matthew M. Loker___
                                                        MATTHEW M. LOKER, ESQ.
                                                        ATTORNEY FOR PLAINTIFF